UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MEDTRONIC
and MEDTRONIC USA, INC.,

Civil File No. 00-1473 MJD/JGL

Plaintiffs,

v.

**ORDER**

GUIDANT CORPORATION
and CARDIAC PACEMAKERS, INC.,

Defendants.

---

Michael V. Ciresi, Andrew W. Horstman, Sarah A. Poulos, Stephanie J. Kravetz
Robins, Kaplan, Miller & Ciresi, L.L.P.,
On behalf of Plaintiffs

Kenneth A. Liebman, Charles Webber
Faegre & Benson

Stephen Sherry
McAndrews, Held & Malloy, Ltd.
On behalf of Defendants

---

## INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss Plaintiff's Complaint for Declaratory Judgment in its entirety. Defendant has moved for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## BACKGROUND

Medtronic, Inc. and Medtronic USA, Inc. (Medtronic) filed a petition in this court seeking a declaratory judgment that Medtronic has not infringed seven U.S. patents,



FILED OCT 04 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

pertaining to atrial defibrillation devices, owned by defendants Guidant Corporation and Cardiac Pacemakers, Inc. (Guidant/CPI).

On June 14, 2000, Medtronic received approval from the U.S. Food and Drug Administration ("FDA") to market the Medtronic Jewel AF cardiac arrythmia device, Model 7520 ("Jewel AF). The Jewel AF is used to treat patients with ventricular arrythmia who have, or are at risk of developing, atrial arrythmia including atrial fibrillation. Until now, the Jewel AF has been sold only in Europe.

Guidant/CPI owns at least seven U.S. patents relating to atrial defibrillation devices, which it acquired when it purchased all outstanding shares of InControl, Inc., a company based in Redmond, Washington. The day after receiving FDA approval of the Jewel AF, Plaintiff brought an action in this court seeking declaratory judgment that it is not violating the defendant's patents. Defendant brings this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction.

**DISCUSSION**

1. Standard: 12 (b)(1)

The burden of establishing subject matter jurisdiction rests upon the plaintiff. Hoekel v. Plumbing Planning Corp., 20 F.3d 839, 840 (8th Cir.1994). When determining whether to dismiss under Rule 12(b)(1), the factual allegations concerning jurisdictions are presumed to be true, and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir.1993). In a declaratory judgment action in a patent infringement case, the burden of proving an "actual controversy" rests on the plaintiff. Super Sack Mfg Corp v.

Chase Packaging Corp., 57 F.3d 1054, 1058 (Fed. Cir. 1995).

2. Actual Controversy

Defendant Guidant/CPI argues that Medtronic has failed to demonstrate an actual controversy, as required by Article III and the Declaratory Judgment Act. U.S. Const. Art II, §2; 28 U.S.C. §2201. The test for deciding if an actual controversy exists in a patent case is found in EMC Corp v. Norand Corp, 89 F.3d 807, 811 (Fed. Cir. 1996). A controversy will be found to exist if 1) the plaintiff has actually produced or has prepared to produce an allegedly infringing product, and 2) the patentee's conduct created an objectively "reasonable apprehension" on the part of the plaintiff that the patentee will initiate an infringement suit if plaintiff's activity in question continues. EMC Corp at 811. Medtronic meets both prongs of the test: it has produced the Jewel AF and is prepared to market it in the United States, and it has a reasonable apprehension that Guidant/CPI will initiate a patent suit.

When determining if reasonable apprehension of litigation exists, the Court must look to the "totality of the circumstances." Arrowhead Indus. Water, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988). Medtronic bases its apprehension on Guidant/CPI's public statements made in January, 2000; the media interpretation of those statements; Guidant/CPI's litigation history, both as it relates to Medtronic specifically and to other medical device manufacturers; and finally to the lack of communication between the parties, e.g. to the absence of a covenant not to sue made by Guidant/CPI.

The statement made by Guidant President/CEO Ron Dollens could reasonably be considered to pertain to Medtronic's patents. On January 10, 2000, Mr. Dollens told

a conference of investment analysts that Guidant did not believe any company could "do atrial defibrillation without bringing on our intellectual property."

Mr. Dollens' statements, according to Defendant, were of a general nature, did not specifically identify any of the seven patents at issue in this case, and were of a type to be expected from the CEO of a company speaking to a group of investment analysts. However, given the timing, soon after Medtronic announced conditional FDA approval of the Jewel AF, and the fact that no other company was then engaged in developing atrial defibrillation technology, the substance of the statements could be interpreted as indicating a willingness to protect the patents with litigation. EMC Corp. v. Norand, at 811. The media interpretation of those statements as threatening litigation, while not definitive, adds to the conclusion that Medtronic had a reasonable apprehension of impending litigation. See *Guidant Will Move to Protect Atrial Fibrillation Patent Stable --- CEO Dollens*, Health News Daily, Jan. 11, 2000.

Finally, Guidant's litigation history has some bearing on the existence of an actual controversy. West Interactive Corp. v. First Data Resources, Inc., 972 F.2d 1295, 1298 (Fed. Cir. 1992)("[A] patent owner's willingness and capacity to enforce its patent rights is pertinent to the inquiry for an actual controversy.") Guidant has sued Medtronic and its subsidiaries for patent infringement five times in the last five years, with CPI being a party to four of those suits. This demonstrates a willingness on Guidant's part to enforce its patent rights, and can be considered by the Court as a contributing factor, indicating an actual controversy.

The Court agrees with Medtronic that, presuming the factual allegations to be

true, the totality of circumstances indicates that Medtronic has a reasonable apprehension of being the subject of litigation regarding these patents and that an actual controversy therefore exists.

Based on a review of all the files, records, and proceedings herein, the Court DENIES Defendant's motions.

Accordingly, **IT IS HEREBY ORDERED** that:

Defendant's motion to dismiss is denied.

Dated: Oct. 3, 2000.

Michael J. Davis
United States District Court Judge