**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Medtronic, Inc., and<br>Medtronic USA, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>Guidant Corporation, and<br>Cardiac Pacemakers, Inc.,<br><br>Defendants. | Civil No. 00-1473 MJD/JGL<br><br>Hon. Michael J. Davis<br>Hon. Jonathan G. Lebedoff |
| Cardiac Pacemakers, Inc., and<br>Guidant Sales Corporation, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>Medtronic, Inc., and<br>Medtronic USA , Inc.,<br><br>Defendants. | Civil No. 00-2503 MJD/JGL<br><br>Hon. Michael J. Davis<br>Hon. Jonathan G. Lebedoff |

**PROTECTIVE ORDER**

To facilitate production and receipt of information during discovery in this action, IT IS HEREBY ORDERED:

**I. Classification of Information**

1. "Confidential Information" means information, documents, or things (including transcripts) that (1) have not been made public, and (2) the designating party reasonably and in good faith believes contain or comprise (a) proprietary, commercially-sensitive, or confidential



FEB 2 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

information or documents, or (b) information invasive of an individual's legitimate privacy interests.

2. "Attorney Eyes Only Information" means Confidential Information that the designating party reasonably and in good faith believes is so highly sensitive that its disclosure to persons of expertise in the area (1) would reveal trade secrets, (2) would reveal significant business or financial advantages of the designating party, or (3) would reveal information invasive of an individual's legitimate privacy interests.

3. "Outside Attorney Eyes Only Information" means Attorneys Eyes Only Information that the designating party reasonably and in good faith believes relates to (1) products currently in development and not yet commercially released, (2) current business/strategic plans, (3) future sales/financial projections, (4) future marketing plans, (5) pending patent applications, (6) recent detailed sales and financial data, (7) or other information which is of equal competitive significance to the items previously listed in this paragraph, subject to the right of a receiving party to challenge such designation under paragraph 24. Notwithstanding clauses (2) and (6) above, in-house counsel who are otherwise authorized to view the documents under paragraph 16 may view past sales figures contained within current business/strategic plans, or within other detailed sales and financial data, so long as the documents are properly redacted by outside counsel to exclude all other current business/strategic plans and information and sales and financial data for sales occurring within six (6) months of the date of viewing by in-house counsel.

## II. Producing and Designating Information

4. Any information produced or disclosed in this action (in pretrial discovery, as a deposition transcript or exhibit, in a pleading, or otherwise) deemed to contain or constitute

Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information shall be so designated by any party to this action, or any other supplier of that information, in writing, or orally on the record at a deposition or conference. Oral notice shall be effective only for those parties in attendance personally or by counsel. Nothing in this Protective Order shall govern the introduction of any information into open court during trial or any hearing in this matter. The designating party shall use due care to designate only information that truly merits such designation.

5. Any party to this action may designate at any time anything as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information, and any other person or entity may so designate at any time anything that it produces or discloses.

**A. Production of Documents and Things**

6. The designating party shall mark each affected document or thing with a legend stating "Confidential Pursuant to Protective Order," "Attorney Eyes Only," or "Outside Attorney Eyes Only," as appropriate, or a comparable notice. Where a document consists of more than one page, at least the first page and each page on which affected information appears shall be so marked. This provision shall not apply where it is impractical or infeasible to mark the affected document or thing such as in the case of an original that cannot be readily copied. In that event, the designating party shall provide separate written notice.

7. If a party designates anything as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information after it has been produced, then the designating party shall give, to counsel for each other party, written notice of the proper designation for each affected document or thing. For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice for any party in attendance personally

or by counsel. Upon receiving such notice, each party shall treat the affected documents or things, and all copies thereof, as designated as the notice states, and each receiving party shall make a reasonable effort to (1) prevent improper use or disclosure of such information and (2) obtain the return of such information that it disclosed to any person not authorized to receive such designated information, subject to its right to contest any designation in accordance with Paragraph 25 below, and subject to the exception in Paragraph 37 below regarding use or disclosure of information before receiving notice of any designation. The designating party shall also provide a replacement, marked pursuant to Paragraph 6 above, for each affected document and thing. After receipt of a marked replacement, the receiving party shall certify in writing to counsel of the designating party that the receiving party returned or destroyed, at its option, every affected unmarked document and thing and all copies thereof. The party that inadvertently did not designate the affected documents or things shall pay for the costs of marking, recopying, retrieving, and returning or destroying any such information, documents, and things.

8. Until seven (7) days after receipt, the receiving party shall treat all documents and things received from a producing party as being Outside Attorney Eyes Only Information, regardless of how such documents or things are marked. After that seven day period, however, documents and things shall be treated in accordance with how they are actually designated.

**B. Production for Inspection**

9. Any entity that produces documents or things for inspection and copying may require by written notice to the receiving party that, with respect to each document or thing, (1) the document or thing shall be (a) treated as if it were designated as Outside Attorney Eyes Only Information, and (b) reviewed only by persons whom this Order authorizes to receive Outside Attorney Eyes Only Information, and (2) any copies, summaries, excerpts, compilations, notes,

or other information obtained or generated during the inspection of the document or thing shall be treated as Outside Attorney Eyes Only Information. After designation by the producing party, or thirty (30) days following the inspection, whichever is earlier, the documents and things shall be treated in accordance with the designations, if any, of the producing party.

**C. Depositions**

10. A party may designate deposition transcripts and exhibits as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information only (i) orally on the record during the deposition; or (ii) by notifying all other parties in writing of the exhibits, and pages and lines of the transcript, that contain Confidential Information, Attorney Eyes Only information, or Outside Attorney Eyes Only Information. Until thirty (30) days after receiving a deposition transcript, each party shall treat the entirety of each deposition transcript, all information disclosed therein, and each exhibit thereto (unless before the deposition the exhibit was properly treated as not having any Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information), as Outside Attorney Eyes Only Information. After that thirty (30) day period, however, deposition transcripts, all information disclosed therein, and each exhibit thereto, shall be treated in accordance with how they are actually designated.

11. If a party designates a deposition transcript or exhibit as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information more than thirty (30) days after the transcript is received, then, upon receiving such notice, each party shall treat the affected transcript and exhibits, and all copies thereof, as designated as the notice states, and each receiving party shall make a reasonable effort to (1) prevent improper use or disclosure of such information and (2) obtain the return of such information that it disclosed to any person not

authorized to receive such designated information, subject to its right to contest any designation in accordance with Paragraph 25 below, and subject to the exception in Paragraph 37 below regarding use or disclosure of information before receiving notice of any designation. In this event, the designating party shall pay for the costs of marking, recopying, retrieving, and returning or destroying any such information, transcripts, and exhibits.

**D. Redactions**

12. Any producing party may redact from the documents and things it produces (1) sensitive matter not relevant to the subject matter of this litigation, and (2) matter that the producing party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity. The producing party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED FOR RELEVANCE" or "REDACTED FOR PRIVILEGE," as appropriate, or a comparable notice. Where a document consists of more than one page, at least the first page and each page on which information has been redacted shall be so marked. The producing party shall preserve an unredacted version of each such document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

## III. Limitations on Using and Disclosing Information

**A. Limitation on Use and Disclosure**

13. All documents and things (including transcripts) produced or exchanged during this litigation shall not be disclosed or used except for the purpose of conducting this litigation,

including any appeal resulting therefrom, and not for any other business, commercial, or other purpose whatsoever.

14. Anything designated Outside Attorney Eyes Only Information shall not be disclosed or made available to any person or entity other than:

A. Attorneys of Robins, Kaplan, Miller & Ciresi L.L.P., McAndrews, Held & Malloy, Ltd. and Faegre & Benson, including necessary clerical and support personnel (for example, paralegals. data entry personnel, copy services, visual aid providers, or jury consultants) who are assisting such attorneys, provided that, until one year after the conclusion of this litigation, any attorney or legal personnel who receives anything designated Outside Attorney Eyes Only Information by a party that is not his or her client shall not be directly responsible, for, or actively involved with, the drafting of patent applications, claim language for patent applications, or arguments made in support of patent applications, before the U.S. PTO or similar foreign patent agencies, for inventions related to the treatment of abnormal cardiac rhythms.

B. Outside experts and consultants who are retained by a party to this action for purposes of this litigation and who are not otherwise currently employed by (1) a party, (2) any predecessor, parent, or related company of a party, or (3) any competitor of a party in the field of atrial defibrillation, and all necessary clerical and support personnel who are assisting such experts or consultants, subject to the provisions regarding designating persons under this Protective Order in Paragraphs 23-24 below;

C. The Court and any persons the Court employs whose duties require access to the information, including jurors and court reporters; and

D. Officers before whom a deposition or other testimony is taken (including without limitation stenographic reporters and videographers), and necessary clerical and support personnel who are assisting such officers, subject to the provisions regarding designating, persons under this Protective Order in Paragraph 23 below.

15. Anything designated Attorney Eyes Only Information shall not be disclosed or made available to any person or entity other than: (1) a person or entity authorized in Paragraph 14 above to receive Outside Attorney Eyes Only Information, and two in-house attorneys and their in- house paralegal and clerical support staff for Medtronic and affiliated companies and two in-house attorneys and their in-house paralegal and clerical support staff for Guidant and affiliated companies (2), who: (a) are designated in writing to all other parties prior to receiving Attorneys Eyes Only information; (b) are directly involved in the litigation; and (c) are not involved in the prosecution or drafting of patent applications, claim language for patent applications, or arguments made in support of patent applications, before the U.S. PTO or similar foreign patent agencies for inventions related to the treatment of abnormal cardiac rhythms.

16. Notwithstanding Paragraphs 3, 14 and 15 above, the following exceptions are allowed for viewing by in-house counsel of expert witness reports formally exchanged between the parties in this litigation which contain Outside Attorneys' Eyes Only information:.

A. In-house counsel for Guidant and its Affiliates and Medtronic and its Affiliates designated below may view expert reports (including attachments) exchanged between the parties in this litigation containing technical information on market released products of the other party:

- Ralph F. Hall, Deputy General Counsel, Litigation and Compliance, Guidant Corporation or his successor in a substantially similar position; and

- Sue Halverson, Vice President and Chief Litigation Counsel for Medtronic, Inc., or her successor in a substantially similar position.

B. In-house counsel for Guidant and its Affiliates and Medtronic and its Affiliates designated below may view damages expert reports (including attachments) exchanged in this litigation which include past sales figures and other past detailed sales and financial data, so long as the documents are properly redacted by outside counsel to exclude all sales and financial data for sales occurring within six (6) months preceding the date of viewing by in-house counsel pursuant to Paragraph 3 above.

- Ralph F. Hall, Deputy General Counsel, Litigation and Compliance, Guidant Corporation or his successor in a substantially similar position;
- Richard R. Clapp, Senior Patent Counsel, Cardiac Rhythm Management or his successor in a substantially similar position;
- Sue Halverson, Vice President and Chief Litigation Counsel for Medtronic, Inc., or her successor in a substantially similar position; and
- Thomas G. Berry, Vice President and Chief Patent Counsel, Medtronic, Inc. or his successor in a substantially similar position.

17. Anything designated Confidential Information shall not be disclosed or made available to any person or entity other than: (1) a person or entity authorized in Paragraph 14 above to receive Outside Attorney Eyes Only Information, (2) a person or entity authorized in Paragraph 15 above to receive Attorney Eyes Only Information, and two additional employees of Medtronic and affiliated companies and two additional employees of Guidant and affiliated companies who are actively assisting in this litigation, who are designated in writing to all other parties, prior to receipt of such Confidential information and who are not involved in the drafting, prosecution or supervising the preparation of patent applications as defined in paragraph 15(c) or in competitive decision making.

**B. Filing Under Seal**

18. Anything filed with or submitted to the Court (including without limitation pleadings, motions, transcripts, or portions thereof) that comprises, contains, discloses, reproduces. or paraphrases any information that is designated Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information, shall be filed under seal, shall be kept confidential and under seal until further order of the Court, and shall not be opened except by the Court or as ordered by the Court. The first page of any document filed under seal shall bear a notice stating (1) the litigation case number, (2) the identity of the party filing the materials, and (3) that the document has been filed under seal, is confidential, and is subject to this Protective Order.

**C. Depositions**

19. No person shall attend portions of depositions during which Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information is disclosed unless such person is an authorized recipient of such information under this Protective Order. If, during a deposition, the response to a question would require the disclosure of Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information, the witness may refuse to answer or complete his or her answer, or any party that designated the information as confidential may instruct the witness not to answer or complete his or her answer, until any persons not authorized to receive that information have left the room.

**D. Exceptions**

20. Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict the use or disclosure of information, documents, or things if, at the time of such use or disclosure:

A. A party is merely using or disclosing its own information (a party may freely use and disclose its own Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only information without restriction);

B. The Court has ordered such use or disclosure, or has ordered the relevant information de-designated (if the Court orders such use or disclosure, then unless the Court orders otherwise, the information, and any entity receiving any such information, shall otherwise be subject to this Protective Order);

C. Each party that produced the information or designated the information as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information has consented in writing to such use or disclosure;

D. The information is used or disclosed in the examination, at a deposition, hearing, or trial, of any current or former officer, director, employee, agent, expert, or consultant of the party whose information is used or disclosed, subject to the provisions regarding designating persons under this Protective Order in Paragraphs 23-24 below;

E. The person or entity receiving the information wrote, was the source for, or lawfully previously received that information,

F. The information (1) was part of the public domain or publicly available when it was produced, or (2) becomes part of the public domain or publicly available through no act, omission, or fault of any receiving party or its counsel or agents;

G. The information is or was independently developed by the party wishing to use or disclose the information, or

H. The information (1) is or was in the lawful possession of the party wishing to use or disclose the information and (2) was not acquired under any obligation of confidentiality to the designating party.

21. If any parties dispute whether an exception enumerated in Paragraph 19 above is applicable, then the party claiming the exception applies must establish by a preponderance of the evidence that the exception applies.

22. Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict counsel from referring to, relying on, or evaluating in a very general way Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information, in the course of advising his party client with respect to this litigation, provided, however, that counsel shall not disclose the specific content of any Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information if such disclosure would violate this Protective Order.

## IV. Designating Persons Under the Protective Order

23. Anything (including without limitation information, documents, and portions thereof) designated Confidential Information, Attorney Eyes Only Information or Outside Attorney Eyes Only Information shall not be disclosed to any in-house counsel, employee of any party, expert, consultant, or officer before whom a deposition or other testimony is taken, or any current or former officer, director, employee, agent, expert, or consultant who is authorized so receive such information under Paragraph 20D above, unless and until the person to whom the information is to be disclosed is advised of the existence of this Order, receives a copy of this Order, reads and understands this Order or has its terms explained so him, and expressly agrees to comply with and be bound by the terms and conditions of this Protective Order by executing a

signed undertaking in the form attached hereto as Exhibit A or agrees under oath during the course of a deposition in this action to be bound by this Protective Order. Notwithstanding the foregoing, however, if any current or former officer, director, employee, agent, expert, or consultant who is authorized to receive such information under Paragraph 20D above refuses to expressly agree to comply with and be bound by the terms and conditions of this Protective Order, information designated as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information may nonetheless be disclosed to such person as provided in Paragraph 20D above, after counsel for the party wishing to examine such person makes a reasonable effort to obtain such agreement from such person, either in writing or under oath, and specifically informs such person that he or she is subject to the terms of this Protective Order regardless of whether he or she agrees to be so bound. Any person who is shown or receives documents designated Confidential, Attorney Eyes Only, or Outside Attorney Eyes Only pursuant to Paragraph 20D shall not be permitted to retain copies of such documents.

24. Counsel for any receiving party disclosing information designated Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information to any person who is authorized to receive such information, shall be responsible for obtaining and keeping a copy of an executed agreement for each such person, as required by Paragraph 23 above.

**V. Disputes Regarding Designations**

25. Any party to this action may contest at any time the designation of anything as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information, by giving the designating party a written notice that identifies the relevant designated information and states in reasonable detail the reasons why the information should

not be so designated. Any parties that disagree about such designation shall meet and confer in good faith to attempt to resolve their disagreement. If those parties cannot resolve their disagreement within ten (10) days after a party contests the designation, any party may thereafter petition the Court to resolve the matter. The designating party shall bear the burden of establishing that the information should be so designated. Until the issue of how to designate such information is resolved (for example, by Court order or agreement of the parties), such information shall be treated according to the designation that the designating party gives it.

## VI. Third Parties

26. This Protective Order applies to all information that a non-parry discloses in connection with this litigation. All information that a non-party designates as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information shall be treated as such in accordance with the terms of this Order, subject to the parties' right to contest any designation in accordance with Paragraph 25 above.

27. If any entity is subpoenaed, ordered by a Court of competent jurisdiction, or otherwise legally required to produce information that another entity designated Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information in this action, the entity receiving the request or order shall (1) inform each entity that sent such request or order that the information is subject to this Protective Order, (2) immediately notify each designating party of the existence and general substance of any each such order or request, (3) promptly furnish each designating party with a copy of the document(s) it received that memorialize the request or order, and (4) not interfere with any designating party's response or objection to any such order or request.

28. Nothing in this Protective Order requires any entity to contest, appeal, or violate a subpoena, legal process, or court order. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (1) it is quashed or modified in a way that does not require such compliance, or (2) (a) it need not be complied with yet and (b) the entity receives notice, within ten (10) days after it notifies each designating party of the existence of the request or order, that an entity has or will contest the request or order.

**VII. Waiver and Inadvertent Disclosure**

29. If a producing party inadvertently discloses information without designating such information as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information, that disclosure shall not be deemed a waiver of confidentiality with regard to that information, or similar or related information.

30. Neither the existence of this Protective Order, nor the designation of anything as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information shall, in and of itself, raise any inference as to the confidentiality of anything.

**A. Privilege or Immunity**

31. Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity. Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

32. If any party claims that it has inadvertently disclosed information subject to attorney- client privilege, work product immunity, a legal prohibition against disclosure, or other

privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure if the producing party provides written notice of the inadvertent disclosure to each receiving party within 75 days of the disclosure. If written notice is not provided within 75 days, the issue of waiver shall be governed by the applicable law without regard to this Protective Order. The parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including without limitation notes or work product), and to preclude the further use or disclosure thereof.

33. If written notice of inadvertent disclosure is provided within 75 days of the relevant disclosure, then: (1) upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents and things that the disclosing party claims it inadvertently disclosed, and (2) until any issue of how to treat such information is resolved (for example, by Court order or agreement of the parties), such information shall be treated as though it is subject to the claimed privilege or immunity, and shall not be further used or disseminated by the receiving party. The party claiming inadvertent disclosure shall pay for the cost of returning and destroying such documents and things. If any receiving party disputes that any such the information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure, or use of any such information, then that party and the party claiming inadvertent disclosure shall meet and confer in good faith to attempt to resolve their disagreement If those parties cannot resolve their agreement within ten (10) days after receipt of such notice, then any of those parties may thereafter petition the Court to resolve the matter. The party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity and, if relying on this Protective Order, that written notice was provided within 75 days. The Court will

rule on claims of privilege or immunity without regard to the fact that such information has been disclosed or used.

**VIII. Violation**

34. Each person and entity that receives any information designated as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information agrees to be subject to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order, even after the conclusion of this litigation.

35. Each party shall be entitled to all remedies existing under law and equity if any information that is designated (at the time of use or disclosure) Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information is used or disclosed in violation of this Protective Order, or if any term of this Protective Order is violated in any other way. It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

36. If any information that is designated (at the time of use or disclosure) Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information is used or disclosed other than in the manner authorized by this Protective Order, then the party responsible for such use or disclosure shall immediately bring all pertinent facts to the attention of all counsel of record and each entity that supplied or designated the affected information and, without prejudice to other rights and remedies available to the supplier or designator, shall make every effort to obtain the return of such information and prevent further improper use or disclosure of such information.

37. Except as provided for elsewhere in this Protective Order, any disclosure or use by any person or entity of any inadvertently disclosed or inadvertently non-designated information shall not be deemed a violation of this Protective Order if such disclosure or use occurs before that person or entity receives written notice of that inadvertent disclosure or non-designation. For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice.

## IX. Conclusion of Litigation

38. Absent a Court order or written permission of the disclosing and designating entity or parties, and unless otherwise stated in another provision in this Protective Order, all provisions of this Protective Order that restrict the disclosure or use of information shall continue to be binding after the conclusion of this action.

39. Absent a Court order or written permission of the disclosing and designating party or parties, within 60 days after the conclusion of this litigation, and all appeals therefrom, (1) all documents or things (including transcripts) produced or exchanged in this litigation, and all copies thereof, shall be returned to the producing party or destroyed and (2) anything (including without limitation exhibits and attorney work product) that contains or comprises information designated as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information shall be returned to the producing party or destroyed. Each party or entity (including without limitation court reporters) that received or has any such documents or things, or copies thereof, shall certify in writing to counsel of the producing party that it returned or destroyed, at its option, every such document and thing, and all copies thereof in its possession, custody, or control

40. Notwithstanding Paragraph 39 above, each outside firm that is counsel of record may retain for archival purposes one copy of all pleadings, papers filed with the Court, written discovery requests, correspondence, and work product, including portions designated as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information, but excluding transcripts, exhibits, and written discovery responses, subject to the continuing obligations of all other provisions of this Protective Order, and provided that nothing in said archival copy shall be disclosed to anyone other than that counsel's partners, associates, or employees.

**X. Amendments**

41. Changes or exceptions to this Protective Order may be made only by written order of the Court. Changes or exceptions to the classification of particular documents may be made by either agreement of the parties or Court order.

42. This Protective Order does not abridge and is without prejudice to the rights of a party: (1) to oppose, or object to the disclosure, production, use, or admissibility of anything, or to refuse to disclose or produce anything, based on any available legal grounds or objections, (2) to modify or seek relief from this Protective Order, (3) to seek judicial review or other appropriate action regarding any Court ruling concerning information that is or was designated Confidential Information, Attorney Eyes Only information, or Outside Attorney Eyes Only Information, or (4) to seek any additional protection that the party deems appropriate for anything (including without limitation information and documents that it deems confidential but are not designated as Confidential Information, Attorney Eyes Only Information, or Outside Attorney Eyes Only Information).

IT IS SO ORDERED, this 22 day of Feb, 2002.

Hon. Jonathan Lebedoff
United States Magistrate Judge

**EXHIBIT A**

**SECRECY AGREEMENT**

I, ______________________________________ STATE:

I reside at ____________________________________________________________.

I have read the Protective Order dated ______________ 2002and have been engaged on behalf of______________________________ in the preparation and conduct of the actions Medtronic, Inc., et al. v. Guidant Corporation, et al., and Civil No. 00-1473 MJD/JGL and Cardiac Pacemakers, Inc., et al. v. Medtronic, Inc., et al, Civil No. 00-2503 MJD/JGL, in the United States District Court for the District of Minnesota.

I am fully familiar and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any information obtained pursuant to said Order, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies, and any writings prepared by me containing any information designated Confidential, Attorney Eyes Only, or Outside Attorney Eyes Only are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this litigation. any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ______________________, 2002.

____________________________________