**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**MEDTRONIC, INC., a Minnesota Corporation; and MEDTRONIC USA, INC., a Minnesota Corporation,**

Plaintiffs,

v.

**GUIDANT CORP., an Indiana Corporation; CARDIAC PACEMAKERS, INC., a Minnesota Corporation; and GUIDANT SALES CORP., INC.,**

Defendants.

Civil File No. 00-1473 (MJD/JGL)

**ORDER**

---

**CARDIAC PACEMAKERS, INC.; and GUIDANT SALES CORP.,**

Counter Plaintiffs,

v.

**MEDTRONIC, INC.,**

Counterclaim Defendant.

Civil File No. 00-2503 (MJD/JGL)

---

APPEARANCES

Andrew Horstman, Esq., and Michael Ciresi, Esq., for Plaintiff/Counterclaim Defendant.

Charles Webber, Esq., and Stephen Sherry, Esq., for Defendants/Counterclaim Plaintiffs.

---

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on March 19, 2002 on Cardiac Pacemakers' ("CPI") Motion for Protective Order (Doc. No. 59 in Case No.00-CV-1473 and Doc. No. 44 in Case No. 00-CV-2503). The cases have been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I. INTRODUCTION

This motion arises out of a patent infringement case concerning implantable atrial defibrillators. On February 22, 2002 this Court entered a Protective Order in this case. The Protective Order was the result of more than a year of negotiations between the parties and the Court's rulings on contested issues. In the instant motion, CPI seeks a protective order prohibiting Medtronic, Inc. ("Medtronic") from deposing CPI's counsel about its relationship with CPI and the nature of the patent prosecution work it performs for CPI. CPI objects to this deposition on the basis of attorney-client privilege, the work-product doctrine, and relevance. In addition, CPI states that it is in compliance with the Protective Order in this case.

Medtronic responds that it is not seeking to depose CPI's counsel. Rather, Medtronic noticed this 30(b)(6) deposition only to determine "whether the same attorneys are litigating this case and involved in writing patent

claims, which would be a violation of the Court's Protective Order." (Medtronic's Mem. at 2.) Medtronic asserts that this information is necessary because CPI has stated that it has a duty to disclose any relevant information to the PTO when prosecuting patents. Medtronic states that CPI may designate any competent witness, not necessarily an attorney, and that Medtronic is not seeking to discover confidential information.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). However, discovery is not unlimited and "is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." Miscellaneous Doc. Matter #1 v. Miscellaneous Doc. Matter #2, 197 F.3d 922, 925 (1999) (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984)).

Courts have broad discretion to determine whether a protective order is warranted and the appropriate degree of protection. See May Coating Techs., Inc. v. Illinois Tool Works, 157.F.R.D. 55, 57 (D. Minn. 1994) (citations omitted). Thus, courts may issue protective orders preventing discovery if such an order is necessary "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); Schoffstall v. Henderson, 223 F.3d 818, 822 (8th Cir. 2000). Accordingly, District courts may quash a deposition notice if it "subjects a person to undue burden." Miscellaneous Doc. Matter, 197 F.3d at 925 (1999). "[E]ven if relevant," depositions are not permitted "where no need is shown . . . or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." See id. (citation omitted). The party seeking a protective order bears the burden of showing "good cause" for the order. See Fed. R. Civ. P. 26(c); General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973); Rolscreen v. Pella Prods. of St. Louis, Inc., 145 F.R.D. 92, 96 (S.D. Iowa 1992) (citing Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 n.5 (8th Cir. 1979)).

In the instant case, the Court finds that CPI has demonstrated the requisite good cause for a protective order. First, the Court finds that the information sought through the noticed deposition is not relevant to the claims at issue in this case. The noticed topics all relate to CPI's counsels' patent prosecution activities. The gravamen of this case is patent infringement of medical devices, not speculative future patent infringement or violation of the Protective Order. While the Court is impressed with the zeal that Medtronic's counsel brings to the case, this deposition notice is simply premature.

Second, Medtronic has not presented any evidence that leads the Court to believe that CPI is violating the Protective Order. Medtronic's suspicions were aroused last December when CPI stated in motion papers that PTO disclosure obligations may require CPI to disclose confidential information learned in the course of this litigation. However, while the Court understands how such a statement could be alarming, Medtronic fails to recognize the force of the Protective Order in this case. The Protective Order states, in pertinent part, that any attorney who receives confidential information in this case

> shall not be directly responsible, [sic] for, or actively involved with, the drafting of patent applications, claim language for patent applications, or arguments made in support of patent applications, before the U.S. PTO or similar foreign patent agencies, for inventions related to the treatment of abnormal cardiac rhythms.

(Prot. Order ¶ 14A.) Furthermore, the Court has stated that CPI "must make choices among its counsel and decide who will access 'Attorney Eyes Only' information and who will prosecute patents during the relevant time period." (Order, Dec. 19, 2001 at 11.)

Whether or not CPI's counsel was involved in both litigation and patent prosecution before the Protective Order was entered is not important. In the absence of any evidence to the contrary, the Court will presume that CPI is complying with the Protective Order and that it made the required choices among its attorneys before receiving and disseminating "Attorney Eyes Only" information. Moreover, CPI has stated, both in communications to Medtronic

and at the motion hearing, that it is complying with the Protective Order. Medtronic does not rebut this assertion.

The Court assumes that CPI's compliance includes abiding by the dictates of paragraphs 14A and 13. Paragraph 13 of the Protective Order states: "[a]ll documents and things . . . produced or exchanged during this litigation shall not be disclosed or used except for the purpose of conducting this litigation . . . and not for [another] business, commercial, or other purpose whatsoever." (Prot. Order ¶ 13.)

Moreover, while it may be true that Medtronic's 30(b)(6) deposition notice does not require CPI to designate an attorney as its witness, the Court acknowledges the realities involved. Although it may be argued that the language of the deposition notice does not implicate privileged information, the fact is that complete questioning and discussion on these topics would very likely relate to confidential communications. See Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 603 (8th Cir. 1978)(en banc).

The Court has great respect for both sides in this case and finds counsel's desire to protect its client's information admirable. However, the Court finds that in this case the better practice is to grant CPI's motion. In the absence of any evidence to the contrary, the Court is simply not persuaded that CPI is violating the Protective Order or that continued compliance with the Protective Order, which was written by learned counsel after more than a year

of negotiations, is not enough to protect Medtronic's interests. However, to alleviate any remaining doubts on the part of Medtronic and to encourage the free exchange of information in this case, CPI is ordered to submit to the Court an affidavit stating that it is complying with the Protective Order.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Cardiac Pacemakers' Motion for Protective Order (Doc. No. 59 in Case No.00-CV-1473 and Doc. No. 44 in Case No. 00-CV-2503) is **GRANTED**; and

(2) Cardiac Pacemakers must submit to the Court an affidavit stating that it is complying with the Protective Order by April 3, 2002.

Dated: March 20, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge