**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**MEDTRONIC, INC., a Minnesota Corporation; and MEDTRONIC USA, INC., a Minnesota Corporation,**

Plaintiffs,

v.

**GUIDANT CORP., an Indiana Corporation; CARDIAC PACEMAKERS, INC., a Minnesota Corporation; and GUIDANT SALES CORP., INC.,**

Defendants.

✓Civil File No. 00-1473 (MJD/JGL)

**ORDER**

---

**CARDIAC PACEMAKERS, INC.; and GUIDANT SALES CORP.,**

Counter Plaintiffs,

v.

**MEDTRONIC, INC.,**

Counterclaim Defendant.

Civil File No. 00-2503 (MJD/JGL)

---

APPEARANCES

Andrew Horstman, Esq., for Medtronic.
Stephen Sherry, Esq., for Cardiac Pacemakers, Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on July 23, 2002 on

FILED 7-25-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Medtronic's Motion to Compel Discovery (Doc. No. 68 in Case No. 00-1473) and Cardiac Pacemaker's Motion to Compel Election by Medtronic Regarding Defense of Advice of Counsel (Doc. No. 51 in Case No. 00-2503). The cases have been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I. INTRODUCTION

These motions arise out of a patent infringement case. The facts of the case have been described in other orders of this Court and will not be recited here. Medtronic and Cardiac Pacemakers, Inc. ("CPI") are currently before the Court regarding two discovery disputes.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).

### A. Medtronic's Motion to Compel Discovery

Medtronic seeks an order requiring CPI to answer Interrogatory No. 5. Interrogatory No. 5 asks CPI to "[s]tate Guidant/CPI's construction of any claim in any of the 'patents-in-suit' which Guidant/CPI asserts is infringed by Medtronic, specifically including, but not limited to, Guidant/CPI's

construction of any such claims written pursuant to 35 U.S.C. § 112, ¶6." Medtronic served this interrogatory after CPI's claim chart disclosures proved unsatisfactory. CPI contends that its claim charts comply with the specifications of the Parties' Rule 26(f) Report. Medtronic does not contest that fact. However, Medtronic argues that it is entitled to the information requested in Interrogatory No. 5 because the information is relevant and will narrow and focus issues regarding the nine patents in dispute in this case.

CPI originally proffered objections based on vagueness, overbreadth, burdensomeness, and failure to "identify the information sought by Medtronic with reasonable particularity." CPI also objected to this interrogatory "because it is contrary to the procedures agreed upon by the parties for resolving any disputed issues related to claim construction." However, along with its objections CPI submitted a proposal by which the Parties could narrow the issues which will be the subject of a future Markman hearing. This proposal consists of a schedule of disclosures regarding claim language "that needs to be defined/interpreted/construed." (Medtronic Ex. 2 at 6-7.) The schedule gives both Parties the opportunity to identify and define claim terms. The Parties may agree on certain definitions, and then submit any disputed terms to the trial court as part of the Markman hearing process.

Medtronic objects to CPI's proposal because the proposal would conflict with the current discovery schedule in the case. Medtronic also asserts

that CPI's proposal is at odds with Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) insofar as Markman first requires a determination of the meaning and scope of the allegedly infringed patent claims before a court can compare any alleged infringing device with the claims.

The Court does not find CPI's proposal at odds with Markman. Under that case, an infringement analysis requires two steps: (1) determining the meaning and scope of the patent claims, and (2) comparing the allegedly infringing device to the properly construed claims. See id. at 976. Claim construction is a matter of law exclusively for the courts. See id. at 977. CPI's proposal does not conflict with this process. Rather, CPI's proposal will assist the Parties in narrowing the issues which the trial court will decide at step one of the analysis. This is an appropriate goal. See United States Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554, 1568 (Fed. Cir. 1997) (claim construction should be reserved for "resolution of disputed meanings"). It seems as if Medtronic would have CPI provide the required claim construction. However, that is clearly improper under Markman. See Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1476 (Fed. Cir. 1998) (citing Markman, 52 F.3d at 979-81.)

Accordingly, Medtronic's motion is granted as to disclosures made in accordance with CPI's proposal and denied as to all other disclosures. Notwithstanding the above, the Court agrees with Medtronic that the four and

one-half week schedule discussed at the motion hearing is not reasonable. Therefore, the Parties are ordered to meet and confer regarding a mutually acceptable schedule for these disclosures and any other deadlines which the disclosure schedule may impact. The Parties must submit a stipulated amended pretrial scheduling order for the Court's signature within thirty days of this Order.

**B. Cardiac Pacemaker's Motion to Compel Election by Medtronic Regarding Defense of Advice of Counsel**

CPI seeks an order requiring Medtronic to state by August 1, 2002 whether it will rely on an "advice of counsel" defense. CPI asserts that its predecessor in interest actually demonstrated the patented technology at issue in this case to Medtronic long before Medtronic developed its allegedly infringing products. This fact, argues CPI, make it very likely that Medtronic consulted counsel before developing those products. CPI argues that if Medtronic asserts an "advice of counsel" defense, that assertion waives the attorney-client privilege regarding those communications and CPI is entitled to discovery on the issue.

Medtronic does not rebut the fact that if it raises an "advice of counsel" defense, it waives privilege regarding pertinent communications. However, Medtronic argues that it should not have to elect whether it will assert such a defense until after CPI's patent claims are construed by the trial

court. Indeed, Medtronic asserts that it is "agreeable to permitting CPI to conduct limited discovery on the issue . . . even after the close of discovery." (Medtronic Mem. Opp. CPI's Mot. Compel at 5.)

CPI counters that limited discovery conducted near the trial ready date will likely prove frustrating and inefficient. The Court disagrees. The Court will allow the Parties ample time to conduct discovery, if the need arises. At this point, no one knows whether Medtronic will even rely on the "advice of counsel" defense.

This Court holds the attorney-client privilege in very high esteem and will not force its waiver absent compelling circumstances. The Court is loath to require election before the Markman hearing because such election may result in a broader waiver of privilege than is ultimately required. To that end, the Court agrees with Medtronic that the Patent Local Rules of the Northern District of California are instructive. Those rules do not require the election of an "advice of counsel" defense until fifty days after the ruling in the Markman hearing. See N.D. Cal. Patent LR 3-8.

While the Court is sympathetic to CPI's situation, it is convinced that an appropriate discovery period will ameliorate concerns regarding unproductive discovery. Moreover, the Court finds persuasive Medtronic's argument that disclosure of privileged materials at this stage of the litigation may result in prejudice insofar as CPI will have the opportunity to build its

case on Medtronic's privileged information. Obviously, CPI has a right to do just that should Medtronic assert an "advice of counsel" defense, but at this point disclosure of privileged information is premature. Should Medtronic choose to assert the "advice of counsel" defense, however, it must produce relevant privileged documents within forty-five days of the trial court's claim construction ruling. Accordingly, CPI's motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Medtronic's Motion to Compel Discovery (Doc. No. 68 in Case No. 00-1473) **GRANTED IN PART and DENIED IN PART** as set forth fully in the body of this Order; and

(2) Cardiac Pacemaker's Motion to Compel Election by Medtronic Regarding Defense of Advice of Counsel (Doc. No. 51 in Case No 00-2503) is **DENIED**;

(3) The Parties must submit a stipulated amended pretrial scheduling order for the Court's signature by August 26, 2002; and

(4) Not later than forty-five days after service of the trial court's claim construction ruling, each Party asserting an "advice of counsel" defense shall produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees

the attorney-client or work product protection has been waived, and serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the Party is withholding on the grounds of attorney-client privilege or work-product protection.

Dated: July 25, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge