UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MEDTRONIC, INC., and
MEDTRONIC USA, Inc.,

Civ. No. 00-1473 MJD / JGL

Plaintiffs,

v.

GUIDANT CORPORATION, and
CARDIAC PACEMAKERS, INC.

Defendants.

---

CARDIAC PACEMAKERS, INC. and
GUIDANT SALES CORPORATION

Counterclaim Plaintiffs,

Civ. No. 00-2503 MJD / JGL

v.

MEDTRONIC, INC.,

Counterclaim Defendant.

---

## AMENDED PRETRIAL ORDER

This matter came before the Court on the Stipulation Of Parties To The Amended Pretrial Order. Based on the Stipulation and pursuant to Rule 16, Fed.R.Civ.P.,

IT IS HEREBY ORDERED as follows:

1. In accordance with the following schedule, the Parties shall identify the claim language material to the infringement or validity issues in these cases, make a good faith effort to agree on the definitions for the identified claim language, and submit any disputed terms to the

FILED 8-26-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

trial court as part of the Markman hearing process. All disclosures required by the following schedule shall be served by facsimile and U.S. mail, first class.

a. **Not later than ten (10) days after entry of this Amended Pretrial Order**, Guidant Corporation, Cardiac Pacemakers, Inc., and Guidant Sales Corporation (collectively "Guidant/CPI") shall serve on Medtronic, Inc. and Medtronic USA, Inc. (collectively "Medtronic") an identification of the claim language that Guidant/CPI believes should be defined, interpreted or otherwise construed.

b. **Not later than ten (10) days after receipt of Guidant/CPI's identification**, Medtronic shall serve on Guidant/CPI an identification of any additional claim language that Medtronic believes should be defined, interpreted or otherwise construed.

c. **Not later than thirty (30) days after receipt of Medtronic's identification**, Guidant/CPI shall serve on Medtronic proposed definitions for all of the identified claim language.

d. **Not later than thirty (30) days after receipt of Guidant/CPI's proposed definitions**, Medtronic shall serve on Guidant/CPI alternative proposed definitions for any of the identified claim language where Medtronic disagrees with Guidant/CPI's proposed definition. To the extent Medtronic does not offer a proposed alternative definition, the definition proposed for the identified claim language by Guidant/CPI shall be considered an agreed definition for purposes of these cases.

e. **Not later than ten (10) days after receipt of Medtronic's alternative proposed definitions**, Guidant/CPI shall serve on Medtronic a statement indicating which of Medtronic's alternative proposed definitions are acceptable and which ones are unacceptable. To the extent Guidant/CPI indicates that an alternative proposed definition is acceptable, the

accepted alternative definition proposed by Medtronic for the identified claim language shall be considered an agreed definition for purposes of these cases.

f. **Not later than twenty (20) days after receipt of Guidant/CPI's response to Medtronic's alternative proposed definitions**, the Parties shall file with the Court a Joint Claim Construction Statement that sets out: (i) the agreed definitions for the identified claim language; (ii) each party's proposed definition for each disputed term or claim limitation, (iii) a proposed, jointly agreeable date for a Markman hearing, subject to the trial court's approval; (iv) for any party who proposes to call one or more witnesses at the Markman hearing --- state the identity of each witness, state the subject matter of each witness' testimony, and state an estimate of the time required to complete such testimony; and (v) an agreed briefing schedule dealing with the disputed claim language which will be the subject of the Markman hearing.

2. **Not later than forty-five (45) days after service of the trial court's claim construction ruling**, each Party asserting an "advice of counsel" defense shall produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that Party agrees the attorney-client or work product protection has been waived, and serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the Party is withholding on the grounds of attorney-client privilege or work-product protection.

3. All Parties shall disclose the identity of all expert witnesses by January 3, 2003 or no later than sixty (60) days after service of the trial court's Markman claim construction ruling, whichever date is later in time.

4. All Parties shall serve their main expert reports (dealing with the issues on which that Party bears the burden of proof at trial) no later than thirty (30) days after the deadline for disclosing its expert witnesses.

5. All Parties shall serve their rebuttal expert reports no later than sixty (60) days after the deadline for service of the main expert reports.

6. All Parties shall exchange a preliminary list of fact witnesses for trial and a preliminary list of physical and documentary trial exhibits on the same date main expert reports are due.

7. The period during which the Parties may seek fact discovery shall be completed by the deadline for service of all rebuttal expert reports.

8. The period during which the Parties may seek expert discovery shall be completed no later than sixty (60) days after the deadline for service of all rebuttal expert reports.

9. All non-dispositive motions, specifically those which relate to discovery, must be filed prior to the deadline for the completion of expert discovery.

10. Until further notice, all dispositive motions must be noticed, served and filed in accordance with the Local Rules no later than thirty (30) days after the deadline for the completion of expert discovery.

11. This case will be considered "ready for trial" no later than 120 days after the deadline for completion of expert discovery.

Other than the matters set forth above, the Rule 26(f) Report remains in effect.

SO ORDERED.

Dated: Aug. 26, 2002

JONATHAN G. LEBEDOFF
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MEDTRONIC, INC., and
MEDTRONIC USA, Inc.,

**Civ. No. 00-1473 MJD / JGL**

Plaintiffs,

v.

GUIDANT CORPORATION, and
CARDIAC PACEMAKERS, INC.

Defendants.

---

CARDIAC PACEMAKERS, INC. and
GUIDANT SALES CORPORATION

Counterclaim Plaintiffs, **Civ. No. 00-2503 MJD / JGL**

v.

MEDTRONIC, INC.,

Counterclaim Defendant.

---

**STIPULATION OF PARTIES TO THE AMENDED PRETRIAL ORDER**

On July 25, 2002, Magistrate Judge Lebedoff entered an Order directing the parties to meet and confer regarding: (1) a mutually acceptable schedule for identifying and defining the claim language that is material to resolving the infringement and validity issues; and (2) the amendment of any other deadlines impacted by the schedule for agreeing on claim construction and submission of any disputed terms to the trial court as part of the Markman hearing process.

On August 5, 2002, counsel for the parties participated in a telephonic meet and confer to address the scheduling matters identified in the Court's July 25, 2002 Order. Following an exchange of correspondence and further discussion, the parties have agreed upon a schedule for identifying and defining relevant claim terms, as well as, the amendments to other deadlines in the pretrial schedule.

Accordingly, the above-named parties hereby AGREE AND STIPULATE to the terms of the attached Amended Pretrial Order. This stipulation and proposed Amended Pretrial Order are being submitted to the Court pursuant to the Court's July 25, 2002 Order (see p.7, ¶3). The parties further agree that these changes are reasonable and necessary to allow for the proper litigation of these cases. The parties, therefore, respectfully request that this Court approve and sign the attached Amended Pretrial Order.

MEDTRONIC, INC. AND MEDTRONIC USA, INC.

Andrew H. Horstman (signature) Date: August 23, 2002

Michael V. Ciresi (#16949)
Andrew H. Horstman (#47259)
Stephanie J. Kravetz (#220425)

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

GUIDANT CORPORATION, CARDIAC PACEMAKERS, INC.
AND GUIDANT SALES CORPORATION

Date 8/19/02

Timothy J. Malloy
Stephen F. Sherry
Peter J. McAndrews

McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
312-775-8000

Kenneth A. Liebman (#236731)
Charles F. Webber (#215247)
FAEGRE & BENSON L.L.P.
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
612-766-7000